UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMUEL D. MANNING,

        Plaintiff,

v.

KING COUNTY DAJD, et al.,

        Defendants.

Case No. C18-1568-JCC-MAT

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court is plaintiff's motion to appoint counsel, which defendants oppose. Dkts. 18, 25, 27. Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

(1) Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity

of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

(2) Plaintiff argues that the Court should appoint counsel because he has been unable to obtain representation on his own and he will not be able to obtain the evidence he needs to prove his case without the assistance of counsel. Dkts. 18, 27.

(3) Considering both the likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light of the complexity of the relevant legal issues, the Court concludes that plaintiff does not establish exceptional circumstances at this time. It is too early in the case for the Court to determine that plaintiff has a likelihood of success on the merits. Plaintiff also has demonstrated an adequate ability to articulate his claims *pro se*, despite his imprisonment and lack of knowledge of the law. He filed an amended complaint that the Court served on defendants. Dkts. 7, 10, 11. Although it may be difficult for plaintiff to develop the factual record and research the relevant legal issues, which are not particularly complex, these challenges are insufficient to establish exceptional circumstances at this time. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) (where *pro se* civil rights plaintiff shows a good grasp of basic litigation procedure and has been able to articulate claims adequately, he does not demonstrate exceptional circumstances required for appointment of counsel); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel].").

ORDER DENYING PLAINTIFF'S
MOTION TO APPOINT COUNSEL - 2

(4) The Court thus DENIES plaintiff's motion to appoint counsel, Dkt. 18, without prejudice to refiling at a later stage in the case.

(5) The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 13th day of February, 2019.

Mary Alice Theiler
United States Magistrate Judge